IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL FRANKLIN, KAREN FRANKLIN, CHRISTOPHER KENDALL,** and all similarly situated individuals<br><br>Plaintiffs<br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC**<br><br>Defendant. | Case No. 17-cv-06922-RBK-AMD<br><br>Judge Robert B. Kugler<br>Magistrate Judge Ann Marie Donio<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO STAY OR FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT AND PENDING MOTIONS.** |

Plaintiffs Christopher Kendall, Michael Franklin and Karen Franklin, in their individual capacities and as representatives of the putative New Jersey sub-class members ("Plaintiffs") hereby offer this Memorandum in Opposition to Defendant Equifax Information Services, LLC's ("Defendant") Motion to Stay or For Extension of Time to Respond to Plaintiff's Amended Complaint and Pending Motions (Doc. No. 8) filed on October 3rd, 2017. For the reasons set forth in the foregoing Memorandum, Plaintiffs respectfully request this Court deny Defendant's relief in its entirety or alternatively stay only the Defendant's response to the Amended Complaint.

WHEREFORE Plaintiffs Christopher Kendall, Michael Franklin, and Karen Franklin, individually and as representatives of the putative New Jersey subclass respectfully request this Court deny Defendant Equifax's Motion in its entirety and for all other relief this Court may deem just and proper.

Respectfully Submitted,

/s/Javier L. Merino, Esq.
Javier L. Merino (078112014)
DannLaw
1 Meadowlands Plaza, Suite 200

East Rutherford, NJ 07073
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*One of the Attorneys for Plaintiffs and*
*the New Jersey Subclass*

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

At its heart, this Action is about protecting all consumers in New Jersey from Equifax and its on-going perpetration of a consumer fraud against New Jersey consumers. Equifax's Motion to Stay Proceedings is a request to circumvent this Court's authority to remedy some of the immediate damage Equifax has caused in Equifax's hope to avoid the inconvenience of complying with applicable federal and state laws while it defends its failings in the broader landscape of only tangentially related class proceedings elsewhere. The Plaintiffs readily admit that Equifax, as a result of its own actions and inactions, has been placed in a position of facing over two hundred lawsuits within the matter of three weeks but this Court must focus on the matter at hand: whether it is proper for this individual suit with its set of allegations and causes of action against Equifax and its Motion for Temporary Restraining Order should be stayed.

Plaintiffs Christopher Kendall, Michael Franklin and Karen Franklin, as individuals and on behalf of the putative class members and putative New Jersey-only subclass members have filed a now Amended Complaint against Defendant Equifax seeking relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq,* and the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.* for Equifax's failure to not only protect vital personal information but also for Equifax's failure to properly provide clear, accurate and complete disclosures to the Plaintiffs, the FCRA Class, and the New Jersey subclass as required under 15 U.S.C. § 1681g, N.J.S.A. § 56:8-1 and § N.J.S.A. 8-19. This class action is about more than Equifax's failures under these provisions. The question of certifying the New Jersey subclass turns entirely on the question of statutory interpretation and legislative intent of a New Jersey consumer statute which is intended to protect citizens of the New Jersey from precisely the brand of consumer fraud that

Equifax asks this Court to sanction by granting the stay.

The issues presently before this Court and drawn in parallel detail in the pending Motion for Temporary Restraining Order and Preliminary Injunction[1] draw a very sharp contrast between the words of Equifax and its actions. On September 28th, 2017, Equifax's interim CEO issued a statement in the Wall Street Journal stating:

> [i]n the near term, our responsibility is to provide timely, reassuring support to every affected consumer… So here is our commitment: By Jan. 31, [2018?], Equifax will offer a new service allowing all consumers the option of controlling access to their personal credit data. The service we are developing will let consumers easily lock and unlock access to their Equifax credit files."[2]

To the ordinary consumer or general news outlet this might seem like a step in the right direction however the FCRA and the New Jersey Consumer Fraud Act are not suggestions that Equifax can just pick and choose when to implement. What these statements indicate is that Equifax intends to make the Plaintiffs, members of the putative national class and the putative New Jersey sub-class wait until January 31st, 2018 for some clear demonstrable action that Equifax is complying with already immediate and necessary requirements under FCRA; and that these disclosures would also include the facts of the Data Breach.[3] By filing their Motion to Stay or alternatively extend the time to respond to Plaintiffs' Amended Complaint and the Motion for Temporary Restraining Order, Equifax is crystalizing its position that it is misplacing its focus on its own internal problems to the detriment and exclusion of the on-going consumer fraud it continues to subject the Plaintiffs and the putative New Jersey subclass to every time any one of them

---

[1] ECF Doc. No. 6
[2] https://www.wsj.com/articles/on-behalf-of-equifax-im-sorry-1506547253 [last visited on September 28, 2017]. It is not without irony that Plaintiffs note they had to pay for access to this "apology," given its release in the op-ed page of the Wall Street Journal.
[3] *See e.g.*, 15 U.S.C. § 1681c-1(a)-(b) (permitting consumers to obtain additional copies of their consumer disclosures at no charge in the case of suspected identity theft)

4

is paying Equifax for a consumer disclosure that omits the fact of the Data Breach. Fortunately for the Plaintiffs and the New Jersey sub-class, they need not wait until then. For the patently obvious reasons discussed below, this Court should deny Equifax's Motion to Stay this Action.

As Equifax notes in this Motion to Stay and the Plaintiffs readily acknowledge, the Plaintiffs' Complaint is one of over two hundred putative class actions filed against Equifax since the Data Breach was announced.[4] Equifax asserts that because plaintiffs in related cases have filed Motions for Consolidation and Transfer under 28 U.S.C. § 1407 to JPML in *In re Equifax Consumer Data Security Breach*, MDL 2800 (JPML Sept. 11, 2007)[5], it is "highly likely the JPML will grant the Motion for Consolidation and Transfer."[6] Since consolidation appears to be inevitable, Equifax argues, a stay of this Action is necessary. The Court should deny the Stay Motion and grant the immediate injunctive relief the Plaintiffs are seeking under both the FRCA and New Jersey Consumer Fraud Act or alternatively the Court should grant the Stay Motion only as to Equifax's response deadline to the Amended Complaint due to the JPML transfer motions for several reasons. **First,** immediate injunctive relief is necessary to prevent Equifax from imposing consumer fraud on the unwary New Jersey consumers who have unfortunately got caught up in Equifax's broad failure to protect the consumer's personally identifiable information ("PII"). **Second,** throughout its Motion to Stay Equifax raises only the specter of inconvenience flowing from the MDL transfer to another court.[7] 28 U.S.C. § 1407 is many things, but try as Equifax might, the statute should not be used to circumvent the immediate need

---

[4] ECF Doc. No. 9; p. 3, Page ID 82
[5] *In re Equifax*, MDL 2800, Doc. 1
[6] ECF Doc. No. 9, p. 3, Page ID 82
[7] It should be noted that the Plaintiffs have not yet filed their response to the Motions to Transfer and based upon the facts of this case with the Motion for Injunctive Relief, the Plaintiffs will be opposing transfer.

for relief in the Motion to Stay. By both Equifax's Interim CEO's own admission, and now, by its Stay Motion, Equifax demonstrates an utter lack of appreciation for the legal and factual distinctions underpinning Plaintiffs' complaint and motions for injunctive relief. In addition to, and as a direct result of Equifax's ongoing acts of consumer fraud in New Jersey, Plaintiffs suffer ongoing prejudice emanating from uncertainty over (1) whether their PII was compromised in the Data Breach, (2) what aspect of their PII was compromised, (3) when it was compromised, and (4) who, if anyone at all, compromised their PII. Equifax, rather than any consumer, should bear the full weight of its repeated failures in this regard. **Third**, the strong public policy in favor of stymieing consumer fraud at its inception easily outweighs any judicial economy that might otherwise militate in favor of a stay.

Accordingly, this Court should deny Equifax's request for a stay.

## II.   BACKGROUND

On or before July 29, 2017, Equifax discovered the Data Breach. However, Equifax waited until September 7, 2017 – approximately six weeks after discovering the Data Breach – to acknowledge that one or more of its servers, which contained Plaintiffs' and the putative Class members' personally identifiable information including their names, full Social Security numbers, birth dates, addresses, and, upon belief, their driver's license numbers, and possibly one or more of their credit cards, had been breached or "hacked" by a still unidentified third party.

Plaintiffs and the putative Class members first became aware of the Data Breach through various media outlets. Concerned that their personal information may have been compromised, Plaintiffs followed the directive issued by Equifax by entering their information in the "portal" that Equifax provided for this purpose. However, the only information the Equifax portal provided to Plaintiffs was a vague indication that their "personal information *may* have been

impacted by [the Data Breach]."[8]  Unsatisfied with this information, Plaintiffs invoked the only self-remedy apparently remaining to them, and ordered their consumer disclosures from Equifax. To Plaintiffs' dismay, Equifax's consumer disclosures failed to indicate in any respect whether Plaintiffs' information was subject to the Data Breach.[9]

On September 8th, 2017 the Plaintiffs commenced their instant action against Defendant Equifax on behalf of themselves as individuals as well as all other similarly situated individuals.[10]  By the time the Plaintiffs' Complaint was filed, plaintiffs in two cases commenced respectively in the U.S. District Court for the Northern District of Georgia against Equifax, styled *McGonnigal, et al. v. Equifax, Inc.*, Case No. 1:17-cv-03422, and *Cary III, et al. v. Equifax, Inc.*, Case No. 1:17-cv-03433, and later moved the JPML for consolidation and transfer under 28 U.S.C. § 1407 ("Motion to Transfer").[11]  These actions are distinguishable from Plaintiffs' instant case, however, because in those actions the claims against Equifax turn on the reasonableness of Equifax's procedures which "allowed unauthorized individuals to gain access to its data network storing the private personal information of 143 million consumers."[12] The Plaintiffs then filed their Amended Complaint on September 28th, 2017.[13]

In contrast to the *McGonnigal* and *Cary* Plaintiffs (and the majority of the class actions), the Plaintiffs bring this Action on behalf of themselves and the Putative National Class members against Equifax based on its failure to clearly and accurately disclose to them all the information in their file in violation of section 1681g(a)(1) under the FCRA and the New Jersey Consumer

---

[8] *See e.g.,* ECF No. 6, p. 9, Page ID 58
[9] *See e.g.*, ECF. No. 6-1, Declaration of Michael Franklin and Karen Franklin at p. 2, Page ID 74
[10] ECF No. 1
[11] *In re Equifax, Inc., Customer Data Security Breach*, MDL 2800 (J.P.M.L. Sept. 11, 2017) ("*In re Equifax*").
[12] *See In re Equifax*, ECF No. 1-1, at 5.
[13] ECF No. 5

Fraud Act. Plaintiffs also bring this Action on behalf of the putative New Jersey Subclass members, which as discussed above, turns primarily upon New Jersey's Consumer Fraud provisions.

On the same day as filing their Amended Complaint, the Plaintiffs filed the Motion for Temporary Restraining Order and Preliminary Injunction.[14] On October 3rd, 2017, Equifax moved to stay this Action.[15]

### III. LEGAL STANDARD

Whether to stay proceedings pending a potential JPML transfer is an issue left to the discretion of the district court.[16] The mere filing of a motion to transfer with the JPML should not affect the Court's determination whether a stay is warranted.[17] Rule 2.1(c) of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.[18]

"In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation."[19] In determining whether a stay is warranted, the district court should consider the following factors: "(1) potential prejudice to the non-moving party; (2)

---

[14] ECF No. 6
[15] ECF No. 9
[16] *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 1996 (3rd Cir. 1998) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163 (1936))
[17] *Packer v. Power Balance LLC,* 11-cv-802-WJM, *Memorandum Opinion* issued March 22nd, 2011 (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997))
[18] MULTIDIST LIT Rule 2.1(c).
[19] *Rivers,* 980 F. Supp. At 1360.

hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation. . . ."[20] Stays are generally appropriate when the JPML has already issued a conditional transfer order, premised on the underpinning that any delay would be brief and the interests of judicial efficiency would be promoted as a result[21]; that is not the case here. As discussed below, each factor weighs heavily against a stay.

IV. **ARGUMENT**

    A. **Factor 1: The prejudice to Plaintiffs—court sanctioned consumer fraud—weighs heavily against the stay**

"If there is even a fair possibility that a stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity."[22] Nor should the court grant a stay "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."[23]

Here, a stay would only exacerbate the ongoing prejudice to Plaintiffs, and beyond sanctioning consumer fraud, further deprive Plaintiffs of the disclosures both Congress and the New Jersey Legislature require from Equifax. N.J.S.A. § 56:8-2 prohibits "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate. The

---

[20] *Id.*
[21] *Noland v. Enterprise Holdings, Inc.*, 2010 WL 2555122, *1 (D. Kan. June 22, 2010) (collecting cases)).
[22] *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 166 (1936)).
[23] *Sheridan v. IHEARTMEDIA, Inc.,* Case No. 15-cv-7574-WHW-CLW, Memorandum Opinion issued on March 16th, 2016. (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)).

9

available remedies for consumer fraud include "any equitable relief that the court deems appropriate," among other things.[24]

Plaintiffs deserve immediate injunctive relief to halt Equifax's ongoing consumer fraud, and require Equifax to finally provide complete, clear, and accurate disclosures to Plaintiffs identifying whether their PII was compromised by the Data Breach.  Equifax claims that it has set up a "portal" through which consumers can confirm whether their PII was compromised in the Data Breach.  In other words, Equifax knows whether Plaintiffs and Class members were victims of the Data Breach when Plaintiffs ordered their consumer disclosures, yet failed to disclose this fact.  Equifax's suggestion withers under the crushing weight of its inherent and inescapable irony, the crux of which is: (1) Equifax's identity protection products are sufficient to mitigate Plaintiffs' damages, even though (2) Equifax's PII protections are the precise source of damages to Plaintiffs flowing from Equifax's defective PII protections, thus (3) Plaintiffs need not seek immediate relief from Equifax's ongoing acts of consumer fraud against Plaintiffs and the putative New Jersey Subclass, *a privilege for which Equifax expects to receive payment*.  This is precisely why, at its heart, this Action is about protecting New Jersey's consumers from Equifax.

Accordingly, this factor weighs heavily against a stay.

### B. Factor 2: The prejudice to Equifax is little more than a prospective inconvenience arising from the fact of its own failures and ongoing imposition of consumer fraud on New Jersey's consumers

In light of the unique nature of this action, coupled with little more than the prospect of consolidation and transfer of this case in the JPML action, there is little gravitas in Equifax's

---

[24] N.J.S.A. § 56:8-19

quibbles with the inconvenience of possible duplicative discovery or inconsistent judgments.[25] As an initial matter, the only action Plaintiffs seek through injunctive relief is temporary and preliminary in nature. Even if a different court reaches a different result on the merits, the discovery regarding the New Jersey Subclass will not be inconsistent, because there is no requirement that the parties engage in discovery in order for this Court to grant temporary and preliminary injunctive relief. There is nothing unique to the JPML in the context of a grant of preliminary injunctive relief only for the prevailing party to ultimately be unsuccessful on the merits.

Further, the JPML has not agreed to consolidate or transfer any of the pending class actions referenced by Equifax; rather, the JPML expressly rejected expedited consideration of the motions to transfer actions pursuant to 28 U.S.C. § 1407.[26] As a result, there will be no determination by the JPML concerning the pending motions to consolidate and transfer this action for several months, at a minimum.

Accordingly, this factor also weighs heavily against a stay.

### C. Factor 3: The stay may conserve judicial resources, but cannot be divorced from the resulting consumer fraud and violations of federal and state law this Court will sanction in favor of judicial efficiency

In their Motion to Stay Equifax repeatedly relies upon the ruling of the District of Nevada in which Nevada Plaintiffs, who are represented by some members of class counsel in this matter, brought a similar Motion for Temporary Restraining Order and Injunctive Relief.[27] In finding for Equifax, the *Knepper* Court made several findings. The Court was first concerned

---

[25] ECF. No. 9, pp. 4-5, Page ID 83-84
[26] *See In re Equifax*, ECF No. 9 ("The Panel considers all motions in due course and is not persuaded to depart from its long-standing practice. The Motion for Expedited Hearing, filed by plaintiffs John Washburn, et al., is DENIED.").
[27] *See Knepper v. Equifax Information Services, LLC,* Case No. 2:17-cv-02368-KJD-CWH, Doc. No. 39 (D.NV 10/02/2017)

that any rulings in the *Knepper* matter, including their TRO Motion would create conflicting decisions on important legal issues.[28] The Court then notated that it is best determined when similar legal issues at play for the transferee court, in this case prospectively the Northern District of Georgia, to determine what extent this putative class action conflicts or overlaps with others.[29] The Court then shifted its focus and found that the Plaintiffs' chances of success on the merits of their Amended Complaint and TRO were heavily intertwined on favorable interpretations of the federal statute.[30]

Equifax is asking this Court to find the Plaintiffs' situation is completely analogous to *Knepper* but in doing so the *Knepper* Court failed to put any weight on the fact that both the Motion for Temporary Restraining Order and Amended Complaint contain specific relief under state law that is wholly independent from interpretations of the FCRA. The *Knepper* Court punted on state law issues and given the immediacy of the harm and the fact that the New Jersey Consumer Fraud Act is a clear independent basis for relief, this Court should not unilaterally follow *Knepper* and at the very least rule on the Motion for Temporary Restraining Order. Granting the Plaintiffs temporary relief will not cause an inconsistent ruling in the JPML Matters if/when all of the class actions are consolidated. The time and energy this Court saves by granting Equifax's stay now will not be without its cost. And that cost—court-sanctioned consumer fraud—as a matter of public policy runs contrary to the very benefits a stay may offer in the form of judicial economy.

Accordingly, this factor also weighs heavily against a stay.

**V. CONCLUSION**

---

[28] *Id.,* Doc. No. 39, p. 2 (quoting *Hertz Corp. v. The Gator Corp.* 250 F. Supp.2d 421, 428 (D.NJ 2003)
[29] Id., Doc. No. 39 at p. 3 (relying on *See In re Plumbing Fixtures,* 308 F. Supp. 242, 243-244 (JPML 1970)
[30] *Id.*

At its core, the Plaintiffs' action arises from Equifax's knowledge of the data breach, its knowledge of whether any individual consumer's PII including those of the Plaintiffs, the putative class or the putative sub-class was comprised in the data breach, and Equifax's subsequent willful provision of consumer disclosures to the Plaintiffs and Class members in exchange for payments to the Plaintiffs' and Class Members' financial detriments even though Equifax knowingly omitted the material fact of the Data breach on each of those disclosures. Given the JPML's rejection of expedited consolidation of the Equifax class action cases, there is no reason to conclude the JPML will consolidate this action or any of the other pending actions anytime soon. The Court should deny Equifax's stay motion for these reasons and additionally because the issues in the Plaintiffs' Motion for Temporary Restraining order are of an immediate urgency given Equifax's on-going imposition of consumer fraud against New Jersey's consumers.

WHEREFORE Plaintiffs Christopher Kendall, Michael Franklin, and Karen Franklin, individually and as representatives of the putative New Jersey subclass respectfully request this Court deny Defendant Equifax's Motion in its entirety and for all other relief this Court may deem just and proper.

Respectfully Submitted,

/s/Javier L. Merino, Esq.
Javier L. Merino (078112014)
DannLaw
1 Meadowlands Plaza, Suite 200
East Rutherford, NJ 07073
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*One of the Attorneys for Plaintiffs and*
*THE NEW JERSEY SUBCLASS*
Marc E. Dann
Brian D Flick

13

DannLaw
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Pro Hac Vice Applications to Be Submitted*

Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Nickolas J. Hagman
*nick@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
*Pro Hac Vice Applications to Be Submitted*

Robert A. Clifford
*rac@cliffordlaw.com*
Shannon M. McNulty
*smm@cliffordlaw.com*
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090 telephone
(312) 899-9090 facsimile
*Pro Hac Vice Applications to Be Submitted*

David H. Krieger, Esq.
George Haines, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, NV 89123
(702) 880-5554
(702) 385-5518 fax
*dkrieger@hainesandkrieger.com*
*ghaines@hainesandkrieger.com*
*Pro Hac Vice Applications to Be Submitted*

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.

14

Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
matthew.knepper@knepperclark.com
miles.clark@knepperclark.com
*Pro Hac Vice Application to Be Submitted*

Sean N. Payne
Nevada Bar No. 13216
PAYNE LAW FIRM LLC
9550 S. Eastern Ave. Suite 253-A213
Las Vegas, NV 89123
702-952-2733
Fax: 702-462-7227
Email: seanpayne@spaynelaw.com
*Pro Hac Vice Application to Be Submitted*

William H. Murphy III (Fed. Bar No. 30126)
William H. Murphy Jr. (Fed. Bar No. 07985)
Richard V. Falcon (Fed. Bar No. 01739)
Jessica H. Meeder (Bar No. 17986)
MURPHY, FALCON & MURPHY
One South Street, Suite 2300
Baltimore, Maryland 21202
(410) 951-8744
(410) 539-6599 fax
billy.murphy@murphyfalcon.com
hassan.murphy@murphyfalcon.com
richard.falcon@murphyfalcon.com
*Pro Hac Vice Application to Be Submitted*

Andrew B. Sacks
John K. Weston
SACKS WESTON DIAMOND LLC
Suite 1600
1845 Walnut Street
Philadelphia, PA 19103
(215) 925-8200
asacks@sackslaw.com
jweston@sackslaw.com
*Pro Hac Vice Application to Be Submitted*

15

Robert J. Weltchek (Fed. Bar No. 0954)
Kristopher A. Mallahan (Fed. Bar No. 28264)
Nolan J. Weltchek (Fed. Bar No. 29825)
Nathan W. Hopkins (Fed. Bar No. 29802)
Megan E. Burns (Fed. Bar No. 29427)
WELTCHEK MALLAHAN & WELTCHEK, LLC
2330 West Joppa Road, Suite 203
Lutherville, Maryland 21093
(410) 825-5287
(410) 825-5277 fax
rweltchek@wmwlawfirm.com
kmallahan@wmwlawfirm.com
nweltchek@wmwlawfirm.com
nhopkins@wmwlawfirm.com
mburns@wmwlawfirm.com
*Pro Hac Vice Application to Be Submitted*

THE LAW OFFICE OF JACK FITZGERALD, PC
JACK FITZGERALD (257370)
jack@jackfitzgeraldlaw.com
TREVOR M. FLYNN (253362)
trevor@jackfitzgeraldlaw.com
MELANIE PERSINGER (2753362)
melanie@jackfitzgeraldlaw.com
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555
*Pro Hac Vice Application to Be Submitted*

Annabelle Lee Patterson (ABN #85204)
ab@apattersonlaw.com
ANNABELLE LEE PATTERSON, PLC
646 Quapaw Ave.
Hot Springs, AR. 71901
(501) 701-0027 telephone
(972) 559-3956 facsimile
*Pro Hac Vice Application to Be Submitted*

**HARRIS LOWRY MANTON LLP**
Stephen G. Lowry
Georgia Bar No. 460289
Jeffrey R. Harris
Georgia Bar No. 330315

16

                                Jed D. Manton
                                Georgia Bar No. 868587
                                Madeline E. McNeeley
                                Georgia Bar No. 460652
                                1201 Peachtree Street NE, Suite 900
                                Atlanta, GA 30361
                                (404) 961-7650
                                *Pro Hac Vice Application to Be Submitted*
                                *Counsel for the Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 6, 2017 and pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S MOTION TO STAY OR FOR AN EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT AND PENDING MOTIONS** was served via the U.S. District Court's electronic filing system to all parties appearing in this case.

                                                  <u>/s/Javier L. Merino, Esq.</u>
                                                  Javier L. Merino (078112014)
                                                  DannLaw